First National Stores, Inc.
vs.
Oscar F. Miller

W. C. A. No. 1553.

February 7, 1934.

JOSLIN, J. Heard on petition of the employer to be relieved from continuing the payment to the employee of weekly compensation agreed on between them by a written agreement dated September 30, 1932, and approved by the Commissioner of Labor October 17, 1932.

On September 3, 1932, the respondent, a boy then 14 years of age, was in the employ of the petitioner after school hours delivering groceries with an express wagon. While so employed and in the course thereof he was seriously injured by the automobile of a third party. Both legs and his left arm were broken, and he received bruises and contusions on his head. At the time of the injury his salary was $2 a week.

The petitioner now claims that the respondent is no longer disabled, and that it should be relieved from further payments under said agreement.

A thorough examination of the respondent was recently made by Dr. Roland Hammond, who was appointed by the Court as an impartial medical examiner. His report is on file and he testified in more detailed explanation thereof. The petitioner called Dr. William H. Palmer, and the respondent, Dr. Ghazarian S. Gordon. There is no substantial dispute among the physicians. From their testimony, the Court finds that the respondent received severe and serious injuries to his two legs and left arm; that as a natural and expected aftermath of said injuries he now suffers from headaches and pain in other parts of his body; that he has a shortening of the right leg of somewhere between one-quarter and one-half of an inch; and that he is still lacking in his former strength and stamina. It is clear from the record that the respondent is not yet able to be gainfully employed and certainly not yet able to do the work in which he was engaged at the time he met with the accident in question.

The petitioner makes the point that inasmuch as the respondent was earning but $2 a week, that in no event should he receive compensation in a sum in excess of $2 per week. The agreement between the parties above referred to provides for $7 weekly payments and the petitioner has been making said payments up to date.

Sec. 10 of Chap. 92, Art II, provides for weekly compensation equal to one-half the average weekly wages "but not more than $16 nor less than $7 a week".

The petitioner asks this Court to construe said section to mean that in no event can the employee receive more than his weekly wages, in this case $2 a week. In effect, this Court is asked to add words to section 10 which are not there and which it must be presumed the General Assembly did not intend should be there. If the meaning of the statute were obscure, or the words employed of doubtful meaning, this Court would attempt to make a construction in order to give effect to the legislative intent, but in view of the fact that said section 10 is clear and unambiguous in meaning, we cannot be expected, nor have we the right, to attempt a construction. The Court has no right to supply words or ideas which were intentionally omitted from the statute. It must take the words as it finds them. Therefore, the compensation which the respondent is entitled to receive is the minimum specified in the statute.

For the foregoing reasons, we must decline to release the petitioner from said agreement approved October 17, 1932.

For petitioner: Henshaw, Lindemuth & Baker.

For respondent: Edward W. Morris.